IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDY S.,[1]

        Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

        Defendant.

Civ. No. 1:17-cv-01233-MC

**OPINION & ORDER**

McSHANE, District Judge:

        Plaintiff Andy S. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner"). The Court concludes that the ALJ erred by failing to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony and for failing to provide legally sufficient reasons for rejecting the opinion of Plaintiff's treating physician. Accordingly, the decision of the Commissioner is REVERSED and this case is REMANDED for further proceedings.

## BACKGROUND

        Plaintiff filed a Title II application for a period of disability and disability insurance benefits on August 7, 2013, alleging disability beginning August 20, 2011. Tr. 16. His applications were denied. *Id.* Plaintiff appeared by video conference before an Administrative Law Judge ("ALJ") at a hearing held December 10, 2015. *Id.* On February 8, 2016, the ALJ issued a decision finding Plaintiff disabled beginning August 23, 2015. Tr. 25. The Appeals

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION & ORDER

Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25; *see also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54.

# THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18. The ALJ determined that Plaintiff had the following severe impairments: discogenic and degenerative disorder of the cervical spine; carpal tunnel syndrome; and chronic headaches. *Id.* The ALJ determined that Plaintiff's severe impairments did not meet or equal a listed impairment. Tr. 18-20.

The ALJ determined that Plaintiff had the RFC to perform light work with the following additional limitations: he is limited to occasional climbing of ramps, stairs, ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; frequent bilateral reaching and no work above shoulder level; frequent gross and fine manipulation with the bilateral upper extremities; avoiding concentrated exposure to extreme cold, heat, and excessive vibration; avoiding the operational control of moving machinery; and avoiding exposure to hazardous machinery and unprotected heights. Tr. 20.

On August 23, 2015, Plaintiff's age category changed from "an individual closely approaching advanced age" to "an individual of advanced age." Tr. 23. Beginning on that date, the ALJ determined that there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 24. Accordingly, the ALJ determined that Plaintiff was disabled as of August 23, 2015. *Id.*

With respect to the period between the alleged onset date and August 23, 2015, the ALJ noted that Plaintiff has at least a high school education and is able to communicate in English. Tr. 23. The ALJ found that Plaintiff was unable to perform any of his past relevant work. *Id.* Based on his RFC, the ALJ determined that Plaintiff was able to perform work as a cashier II, self-service

store attendant, and mailroom sorter. Tr. 24. As a consequence, the ALJ determined that Plaintiff was not disabled during the period between the alleged onset date of August 20, 2011, and August 23, 2015.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

When the evidence before the ALJ is subject to more than one rational interpretation, courts must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

# DISCUSSION

Plaintiff alleges the ALJ erred by improperly rejecting Plaintiff's subjective symptom testimony and improperly weighing the medical opinion evidence of Plaintiff's treating physician.

## I. Subjective Symptom Testimony

Plaintiff claims the ALJ failed to give clear and convincing reasons for rejecting his subjective symptom testimony. To determine whether a claimant's testimony is credible, an ALJ must perform a two-stage analysis. 20 C.F.R. § 416.929. The first stage is a threshold test in which the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). At the second stage of the credibility analysis, absent evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of symptoms. *Carmickle v. Comm'r*, 533 F.3d 1155, 1160 (9th Cir. 2008).

The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). An ALJ may use "ordinary techniques of credibility evaluation" in assessing a claimant's credibility, such as prior inconsistent statements concerning the symptoms, testimony that appears less than candid, or a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

During the hearing, Plaintiff testified that he suffers from neck pain of varying intensity, which requires that he take medication and lie down two or three times per day in a dark and quiet room. Tr. 39-40. Plaintiff also testified that he suffers from constant back pain which prevents him from bending and interferes with his ability to dress himself and to rise from a sitting position.

Tr. 40. Plaintiff testified that he has balance issues which resulted in numerous falls, including one fall in which he broke his wrist. Tr. 40-41. Plaintiff also described a constant burning, aching pain in his feet, radiating up to his thighs. Tr. 41. Plaintiff testified that he suffers from chronic debilitating headaches several times per week and lasting one or two days. Tr. 42. Plaintiff testified that he suffers from bilateral shoulder pain which prevents him from raising his arms above his head. Tr. 43-44. Plaintiff also testified that his carpal tunnel syndrome causes painful tingling and weakness in his hands, which makes fine manipulation difficult. Tr. 44. With respect to his back pain, Plaintiff testified that he had experienced some relief following surgery, but that he continued to experience pain and impaired balance. Tr. 45-46. Plaintiff testified that his impairments would prevent him from working for a full eight-hour shift and estimated that he could probably work two hours and would require frequent breaks. Tr. 47-48.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. Tr. 21.

### A. Pre-existing condition

The ALJ noted that Plaintiff suffered a workplace injury in August 2011, two days before the alleged onset date. Subsequent medical imaging and testing in August and September of 2011 revealed cervical spine degenerative disc disease, left-sided carpal tunnel syndrome, and acute left-sided radiculopathy. Tr. 21. An independent medical examination in September 2011 determined that those conditions were pre-existing, meaning that Plaintiff had performed substantial gainful activity despite those conditions. Tr. 21.

The Ninth Circuit has upheld findings of non-disability when the allegedly disabling condition "had remained constant for a number of years" and "had not prevented [the claimant]

from working over that time." *Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988).  In this case, the independent examiner opined that Plaintiff "was non-symptomatic both with respect to his left upper extremity and his neck at the time of his August 18, 2011 work injury and subsequently became acutely symptomatic." Tr. 307.  From this, the examiner concluded "the work incident on August 18, 2011 is the major contributing cause of his disability and need for treatment." *Id.*

This is not, as the Commissioner suggests, a situation in which Plaintiff had worked for years under a stable condition only to then raise that condition as the basis for a claim of disability.  Rather, the record indicates that Plaintiff's pre-existing condition was stable and non-symptomatic before he experienced a workplace injury after which the condition became, in the words of the independent examiner, "acutely symptomatic."  On this record, the Court concludes that the ALJ erred by considering work performed before the alleged onset date as evidence that Plaintiff's condition was not disabling after the onset date.

### B. Limited Treatment

The ALJ further noted that Plaintiff had engaged in limited treatment, "attend[ing] a mere two physical therapy sessions in August and September 2011," as well as a pain management consultation in October 2011.  Tr. 21.  Following that pain management consultation, the medical record "goes silent for six months until May 2012," at which point Plaintiff sought treatment for headaches and chronic neck pain.  *Id.*

A lack of consistent treatment is a valid consideration in assessing a claimant's credibility.  *Burch*, 400 F.3d at 681.  Although Plaintiff has not filed a reply addressing this issue, the Court notes that during the hearing, Plaintiff testified that he relies on the Oregon Health Plan for his medical expenses and finds that the available services are sometimes limited.  Tr. 44-45, 51-52 ("[I]t's quite a process with the Oregon Health Plan to get approved for things like [pain

management care]."). In addition, Plaintiff was attempting to navigate the worker's compensation process during the period after his injury and testified that he experienced difficulty with insurance coverage, despite his continuing medical issues. Tr. 54-55, 58-60.

When a claimant presents evidence of a good reason for not pursuing treatment, such as an inability to afford the treatment, the claimant's symptom testimony cannot be rejected for not doing so. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). On this record, the Court is not prepared to accept the six-month post-injury gap in treatment as a clear and convincing reason for rejecting Plaintiff's symptom testimony.

### C. Objective Medical Evidence

The ALJ also noted that the degree of limitation claimed by Plaintiff was not consistent with the objective medical evidence. Tr. 21-22. The medical evidence indicates that Plaintiff did sometimes present with full or nearly full strength and range of motion in his lower extremities and negative straight leg raise test results. *See, e.g.,* Tr. 394, 451. However, while a lack of medical evidence is a valid consideration in the ALJ's credibility analysis, it "cannot form the sole basis for discounting pain testimony." *Burch*, 400 F.3d at 681. In this case, the Court has rejected the other bases for the ALJ's negative credibility determination. A lack of medical evidence cannot, standing alone, sustain the ALJ's credibility determination. In addition, as Plaintiff points out, the record also contains medical reports supporting the limitations claimed by Plaintiff. *See, e.g.,* Tr. 352 (positive straight leg raise test with back pain); 455 (An "abnormal electrodiagnostic study of lower extremities," with "evidence of demyelinating peripheral neuropathy affecting the sensory nerves more than motor nerves.").

On this record, the Court concludes that the ALJ erred by failing to give clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

## II. Medical Opinion Evidence

Plaintiff contends the ALJ erred by rejecting the medical opinions of Plaintiff's treating physician, Clark Cullen, M.D.

In his medical source statement, Dr. Cullen diagnosed "severe, constant" pain. Tr. 430. Dr. Cullen opined that Plaintiff would be able to stand or walk for less than two hours and to be able to sit for less than two hours in an eight-hour workday. Tr. 431. Dr. Cullen believed that Plaintiff would need to switch at will between sitting, standing, and walking during the workday and that he would require frequent and lengthy unscheduled breaks due to muscle weakness, chronic fatigue, pain/paresthesias, numbness, adverse effects of medication, and depression. *Id.* Dr. Cullen believed that Plaintiff could rarely lift ten pounds or less and could never lift twenty or more pounds. Tr. 432. Dr. Cullen stated that Plaintiff could rarely twist, stoop, crouch, or climb stairs and ladders and that he had significant limitations for reaching, handling, or fingering. *Id.* Dr. Cullen believed Plaintiff would be "off task" more than 25% of his workday and that he would be absent four or more days per month as a result of his impairments or treatment. Tr. 433

The ALJ is responsible for resolving conflicts in the medical record. *Carmickle*, 533 F.3d at 1164. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant[.]" *Turner v. Comm'r*, 613 F.3d 1217, 1222 (9th Cir. 2010) (internal quotation marks and citation omitted). An ALJ may reject the uncontradicted medical opinion of a treating or examining physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may reject the contradicted opinion of a treating or examining doctor by providing "specific and legitimate reasons that are supported by substantial evidence." *Id.* Specific, legitimate reasons for rejecting a physician's opinion may include its

reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or internal inconsistency. *Tommasetti*, 533 F.3d at 1041; *Andrews*, 53 F.3d at 1042-43; *Morgan v. Comm'r*, 169 F.3d 595, 601-03 (9th Cir. 1999).

In this case, Dr. Cullen's opinion was contradicted by the opinions of the non-examining physicians. The ALJ assigned "little weight" to Dr. Cullen's opinion, finding that it was inconsistent with Dr. Cullen's own treatment notes. Tr. 22. In particular, the ALJ noted that Dr. Cullen's October 2014 examination had revealed a full range of motion with 5/5 strength. Tr. 22, 451. The October 2014 treatment note in question is not, however, for an examination performed by Dr. Cullen. Rather, it is a treatment note from an examination performed by another physician, Dr. Bob Yuanwen-Lee. Tr. 449.

The ALJ does not identify any other inconsistent treatment notes from Dr. Cullen, although the Commissioner points to treatment notes which it alleges are inconsistent with the limitations assessed by Dr. Cullen. Tr. 359 (May 2014, finding normal movement in extremities and normal gait and station); 369, 372, 374 (March 2014, finding normal movement in all extremities, normal gait and no ataxia). Dr. Cullen's treatment notes also have physical examination findings which support his medical report. Tr. 363 (May 2014, finding tenderness and limited range of motion on examination and "chronic long-term" inflammatory polyarthropathy "that is profoundly affecting his life."); 365 (April 2014, "decreased grip strength and ROM IP joints,"); 374 (March 2014, noting tenderness, antalgic gait, and reduced strength in thighs and range of motion in hips and back due to pain). The Court also notes that, in his medical report, Dr. Cullen opined that Plaintiff would experience good and bad days. Tr. 433. On this record, the Court concludes that the ALJ's

decision to reject Dr. Cullen's opinion based on inconsistent treatment notes is not supported by substantial evidence.

Although the ALJ only specifically identifies inconsistent treatment notes as a basis for rejecting the opinion of Dr. Cullen, Tr. 22, the Commissioner asserts that the ALJ also rejected Dr. Cullen's opinion as inconsistent with the other medical opinions and objective findings in the record. Def. Mem., at 7. "To the extent that other physicians' conflicting opinions rested on independent, objective findings, those opinions constitute substantial evidence." *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989).

In particular, the Commissioner points to the findings of the non-examining consultative physicians and to the examination of Dr. Lee, who examined Plaintiff in October 2014 on a pain management referral from Dr. Cullen. On examination, Dr. Lee found a full passive range of motion in Plaintiff's lower extremities and slightly reduced strength on hip flexion, "which may be due to back pain." Tr. 451. Electrodiagnostic study did not reveal evidence of lumbosacral radiculopathy and Dr. Lee opined that Plaintiff's lower back pain was "likely a combination of SI joint dysfunction and/or myofascial pain syndrome." Tr. 456. Dr. Lee recommended physical therapy for gait and balance training. *Id.* On this record, it appears that Dr. Lee diagnosed back pain and mobility issues. It is not clear how these findings contradict Dr. Cullen's assessment or constitute substantial evidence for disregarding Dr. Cullen's assessment.

Plaintiff was examined by J. Wendling, D.O., in February 2014. Tr. 348-53. As the ALJ noted, Dr. Wendling observed that Plaintiff was able to sit comfortably[2] and move around the examination room without difficulty. Tr. 22, 350. Dr. Wendling did, however, note limited range

---

[2] The Court notes that Dr. Wendling's report is inconsistent on this point, saying that Plaintiff sat "comfortably," Tr. 350, but also noting that Plaintiff would require "frequent positional changes as he was frequently standing and/or sitting in an attempt to find a position of ease during the examination." Tr. 353.

of motion in Plaintiff's back, neck, and hips. Tr. 351. Dr. Wendling also observed a positive straight leg raise test, with back pain. Tr. 352. Dr. Wendling diagnosed neck pain, lumbago, carpal tunnel syndrome, and arthritis with bilateral hip, knee, and ankle pain. Tr. 353.

With respect to the opinions of the non-examining consultative physicians, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of either an examining or treating physician." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). "When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate her reasons for doing so." *Feskens v. Astrue*, 804 F. Supp.2d 1105, 1115 (D. Or. 2011). "A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record." *Id.*

In this case, the ALJ gave "great weight" to the opinions of the non-examining consultative physicians because they "were able to undertake a complete review of the claimant's medical evidence of record, which provided those experts with a sufficient and well-rounded medical factual background upon which to base their opinions." Tr. 22. Undertaking a review of the claimant's file strikes the Court as a minimum standard for consideration of a non-examining physician's opinion, rather than a basis for according great weight to that opinion.

The ALJ also credited the opinions of the non-examining physicians because they based their opinions solely "on the objective clinical evidence of record, and not on the claimant's subjective reports and complaints." Tr. 22-23. As discussed in the preceding section, the Court has already concluded that the ALJ erred by discounting Plaintiff's subjective symptom testimony in this case. As noted, the opinion of a non-examining physician cannot, standing alone, serve as substantial evidence for rejecting the opinion of a treating physician. The ALJ appears to have

accorded weight to the non-examining physicians based on their consideration of objective medical evidence over subjective complaints, but the regulations provide that a treating physician's opinion is given greater weight precisely because it considers more than objective medical findings. *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence *that cannot be obtained from the objective medical findings alone*[.]") (emphasis added). The ALJ does not identify any other basis for giving great weight to the opinions of the non-examining physicians.

The Court concludes, therefore, that the ALJ erred by failing to give sufficient reasons for discounting the medical opinion of Dr. Cullen.

**III.    Remand**

As the Court has determined that the ALJ committed reversable error by discounting Plaintiff's subjective symptom testimony and by rejecting the medical opinion evidence of Dr. Cullen, the Court must therefore determine whether remand should be for further proceedings or for an immediate award of benefits.

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Triechler v. Comm'r*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). A remand for award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. *Id.* at 1100-01 (internal quotation marks and

citations omitted); *see also Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy). The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1178 n.7 (9th Cir. 2000).

In this case, the Court has determined that the ALJ provided legally insufficient reasons for rejecting evidence. With respect to the second and third prongs, the inquiry is somewhat complicated by the fact that Plaintiff has been awarded benefits upon advancing in age category. The issue is therefore whether, if Plaintiff's testimony and the opinion of Dr. Cullen were credited as true, the ALJ would be required to award benefits for the period between Plaintiff's alleged onset date of August 20, 2011, and August 23, 2015, the date upon which he was found to be disabled.

Upon review of the record, the Court concludes that outstanding issues remain in this case with respect to the establishment of disability and, as Plaintiff's condition is a deteriorating one, what the precise onset date of such a disability might be. Accordingly, the Court concludes that a remand for award of benefits is not justified in this case, and the Court instead remands for further administrative proceedings. On remand, the ALJ should:

(1) Accept Plaintiff's subjective symptom testimony or provide legally sufficient reasons for rejecting that testimony.

(2) Assess the treating physician opinion of Dr. Cullen and accord it the appropriate weight or else provide legally sufficient reasons for assigning reduced weight to that opinion.

## CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and this case REMANDED for further proceedings consistent with this Opinion and Order.

DATED this 28th day of March, 2019.

                                            s/Michael J. McShane  
                                            MICHAEL McSHANE  
                                            United States District Judge